**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**AMY G. BUCKLEY, #150005**                                                              **PETITIONER**

**VERSUS**                                              **CIVIL ACTION NO.: 2:13-cv-275-KS-MTP**

**STATE OF MISSISSIPPI**                                                              **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition of Amy G. Buckley for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 and Respondent's Motion to Dismiss [8] pursuant to 28 U.S.C. § 2244(d). Having considered the submissions of the parties, along with the documents made a part of the record and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [8] be granted and that the Petition [1] be dismissed with prejudice.

## PROCEDURAL HISTORY

On April 16, 2009, pursuant to her guilty plea, Petitioner was convicted of armed robbery in the Circuit Court of Marion County, Mississippi, and was sentenced to twenty-five years in the custody of the Mississippi Department of Corrections, with twenty years to be served and five years of post-release supervision. [8-1]. Because she entered a plea of guilty, Petitioner was barred from appealing to the Mississippi Supreme Court. *See* Miss. Code Ann. § 99-35-101.

On May 13, 2010, Petitioner filed a Petition for Post-Conviction Relief. [8-2]. The Marion County Circuit Court dismissed the motion on May 23, 2012. [8-3]. On August 20, 2013, the Mississippi Court of Appeals affirmed. [8-4].

Petitioner submitted her federal Petition for Writ of Habeas Corpus [1] on or about

October 23, 2013.[1] In the Motion to Dismiss [8], Respondent contends that the Petition was filed untimely under the Antiterrorism and Effective Death Penalty Act (AEDPA) and should be dismissed. Petitioner did not respond to the Motion to Dismiss.

## ANALYSIS

The AEDPA demands that a petitioner seeking federal habeas relief file a petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] "If the defendant stops the appeal process . . . , the conviction becomes final when the time for seeking further direct review in the state court expires." *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). According to Mississippi law, a person who pleads guilty and is sentenced may not appeal to the Mississippi Supreme Court. *See* Miss. Code Ann. § 99-35-101.[3] Therefore, Petitioner's judgment became final on April 16, 2009, the date she was sentenced. The statutory period of one year began to run on that date, ending on April 16, 2010, unless tolled. *See Strong v. Mississippi*, 2014 WL 1329399, at *2 (N.D. Miss. April 2, 2014). Thus, the Petition filed by Petitioner on October 23, 2013, is untimely absent any applicable tolling.

**Statutory Tolling**

---

[1] The Petition was dated October 23, 2013, and stamped "filed" in this Court on December 20, 2013, with a postmark date of December 16, 2013. "Under the 'mailbox rule,' a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). The Court will weigh all doubts in the Petitioner's favor and use the earlier date of October 23, 2013.

[2] The other dates listed in 28 U.S.C. § 2244(d)(1) are not relevant here.

[3] The amended statute became effective on July 1, 2008, well before the Petitioner pled guilty.

Statutory tolling is governed by 28 U.S.C. § 2244(d)(2), which states, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner filed her Petition for Post-Conviction Relief in state court on May 13, 2010. [8-2]. Despite a presumably proper filing of the Petition for Post-Conviction Relief in the state court, the filing occurred almost a month after the federal habeas deadline of April 16, 2010. Seeking post-conviction relief *after* the AEDPA deadline does not toll the statutory period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Consequently, Petitioner cannot claim statutory tolling under Section 2244(d)(2), and her federal habeas deadline remains April 16, 2010.

**Equitable Tolling**

In addition to Section 2244(d)(2), the district court has the discretion to invoke equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Equitable tolling is available only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman*, 184 F.3d at 402 (citation and internal quotation marks omitted). The court will determine whether to apply equitable tolling by analyzing "the facts and circumstances of a particular case." *Fisher*, 174 F.3d at 713. Furthermore, "[t]o establish his entitlement to equitable tolling, a petitioner must 'sho[w] (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing.'" *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (quoting *Holland v. Florida*, 560 U.S. 631,

649 (2010)). Thus the burden of proof lies with the petitioner. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Petitioner makes no argument for equitable tolling, as she did not respond to the Motion to Dismiss. In her Petition for Writ of Habeas Corpus [1], Petitioner's explanation for why the Petition was submitted over a year after her judgment of conviction became final was that she "had no idea [she] could file a habeus [sic] corpus [petition] until recently." However, "[e]quity is not intended for those who sleep on their rights." *Fisher*, 174 F.3d at 715 (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). "[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Id.* at 714. Furthermore, the fact that Petitioner filed the Petition *pro se* is itself not a "rare and exceptional circumstance" that justifies equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). The assertion that Petitioner was unaware of the AEDPA's one-year limitation does not support equitable tolling.

Despite Petitioner's guilty plea and her apologies for the armed robbery, Petitioner seems to assert her innocence, claiming she "had no fore-knowledge [sic] about what was going to happen that day, despite what [her] co-defendants claim." [1-1]. Although Petitioner's letter could be construed as declaring innocence, a mere *assertion* rather than a *showing* of innocence does not warrant equitable tolling. *See Felder*, 204 F.3d at 171, n.8. The remainder of the record likewise does not justify equitable tolling.

## CONCLUSION

Petitioner's judgment in state court became final on April 16, 2009. Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A), Petitioner was required to file her

federal Petition by April 16, 2010.  Petitioner filed her Petition untimely on October 23, 2013. Additionally, Petitioner has failed to meet her burden of proving that statutory or equitable tolling is warranted.  Accordingly, she cannot avoid the statutory bar of Section 2244(d).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss [8] be GRANTED and that Petitioner's Petition for Writ of Habeas Corpus [1] be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation may serve and file written objections to the recommendation, with a copy to the district judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 14th day of July, 2014.

s/ Michael T. Parker  
United States Magistrate Judge
